IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | |
| : | **CASE NO: 7:24-CR-30 (WLS)** |
| **TERRY MCMILLAN,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

## ORDER

Before the Court is the Defendant's Second Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 28) ("the Motion"), filed on November 12, 2024, and in response to the Court's prior Order (Doc. 26) instructing the Parties to confer and inform the Court whether the case is ready to proceed to trial. Therein, Defendant requests a continuance of the trial in this matter from the February 2025 trial term to the next Valdosta Division trial term. (Doc. 20 at 1). Defendant contends that a continuance is warranted because more time is needed for Defendant and his counsel to finish their review of discovery materials, complete defense investigations, and consult regarding Defendant's options. (*Id.* at 2). Additionally, Defendant states that the Parties are engaged in plea negotiations at this time. (*Id.*) Defendant notes that the Government does not oppose his Motion and that the interests of justice served by granting the requested continuance outweigh the best interests of the public and Mr. McMillan in a speedy trial. (*Id.* at 2–3).

Based on Defendant's stated reasons, the Court finds that a continuance is necessary for Defendant's counsel to effectively prepare for trial. The Court further finds the ends of justice served by granting such a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, Defendant's Motion (Doc. 28) is **GRANTED**. The trial in the above-captioned matter is hereby **CONTINUED** to the Valdosta Division May 2025 term and its conclusion, or as may be otherwise ordered by the Court.

Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 14th day of November 2024.

/s/ W. Louis Sands  
**W. LOUIS SANDS, SR. JUDGE**  
**UNITED STATES DISTRICT COURT**
