IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : CASE NO: 7:24-CR-30 (WLS-ALS-1) |
| TERRY LEONARD MCMILLAN, | : |
| | : |
| Defendant. | : |
| _____ | : |

**ORDER**

  Previously, the Court issued an Order (Doc. 31) setting an evidentiary hearing on Defendant's Motion to Suppress (Doc. 30) for May 1, 2025. The Court, in that same Order, continued the trial in this case to the Valdosta Division August 2025, trial term. Subsequently, the Parties filed a Joint Motion (Doc. 36) to continue the hearing on Defendant's Motion to Suppress, which the Court granted on April 11, 2025. (*See* Doc. 37). Thus, the May 1, 2025 hearing was cancelled, and the Court notified the Parties that it would notice a new hearing date by separate Order or notice. The Court, therefore, issues this Order notifying the Parties that the evidentiary hearing on Defendant's Motion to Suppress is rescheduled for **Wednesday, June 25, 2025, at 11 A.M.** at the **C.B. King United States Courthouse**.

  Because the Court granted the Parties' request to continue the hearing as originally scheduled, and taking into consideration a review of the Record in this case and the time necessary to fully resolve the Motion, the Court finds, *sua sponte*, that the ends of justice will be served by continuing the trial of this matter once more and that such continuance outweighs the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). As such, the trial in this case is **CONTINUED** to the **Valdosta Division November 2025** trial term and its conclusion, or may otherwise be ordered by the Court.

  Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, resulting from the continuance of the hearing to a subsequent date be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the hearing in this case

and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, (b) would deny the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and (c) would unreasonably deny Defendant and the Government continuity of counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 15th day of May 2025.

<u>/s/ W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**