IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : CASE NO: 7:24-CR-30 (WLS) |
| TERRY LEONARD MCMILLAN, | : |
| | : |
| Defendant. | : |
| _____ | : |

## ORDER

     Before the Court is Defendant's Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 51), filed on October 15, 2025. Therein, Defendant requests a continuance of the trial in this matter from the November 2025 trial term. Defendant contends that a continuance is warranted as the Parties await the Court's ruling on Defendant's Motion to Suppress (Doc. 31), which was taken under advisement by the Court on September 12, 2025, when the Court's post-hearing briefing schedule concluded. (*See* Doc. 45).[1] Defendant states that Counsel for the Government consents to the requested continuance. (Doc. 51 ¶ 4).

     Since the filing of Defendant's Motion to Continue, the Court issued its ruling on the Motion to Suppress. (*See* Doc. 52). In light of the ruling, the Court provided Defendant with an opportunity to withdraw his request for a continuance and proceed to trial, should he wish to do so, by October 24, 2025. That deadline has now elapsed, and the instant Motion to Continue remains pending.

     Nonetheless, based on Defendant's stated reasons, the Court finds that a continuance is necessary for Defendant's counsel to effectively prepare for trial, particularly given the Court's recent ruling. The Court further finds the ends of justice served by granting such a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, Defendant's Motion (Doc. 51) is **GRANTED**. The

---

[1] Defendant has since filed a Motion for Reconsideration of the Court's ruling on the Motion to Suppress. (*See* Doc. 53).

1

trial in the above-captioned matter is hereby **CONTINUED** to the Valdosta Division February 2026 term and its conclusion, or as may be otherwise ordered by the Court.

Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(1)(D) and (H) as well as (h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 28th day of October 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**