**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : |
| | :  CASE NO: 7:24-CR-30 (WLS-ALS-1) |
| TERRY LEONARD MCMILLAN, | : |
| | : |
| Defendant. | : |
| _____ | : |

**ORDER**

Before the Court is Defendant's Motion for Reconsideration (Doc. 53), filed on October 21, 2025. Therein, Defendant moves the Court to reconsider its ruling on Defendant's Motion to Suppress (Doc. 30). For the reasons discussed below, the Motion for Reconsideration (Doc. 53) is **DENIED**.

**I.  RELEVANT BACKGROUND**

Defendant was charged in a one-count Indictment (Doc. 1) on August 14, 2024, with Possession of a Firearm by a Convicted Felon. Defendant filed a Motion to Suppress (Doc. 30) on January 29, 2025, and the Government timely responded. (*See* Doc. 32). The Court held an evidentiary hearing on the Motion on July 8, 2025, and afterwards provided the Parties with the opportunity to submit post-hearing briefs. (See Doc. 45). Defendant filed his Post Hearing Brief (Doc. 47) on August 26, 2025. The Government filed its own Post Hearing Brief (Doc. 48) on September 5, 2025. The Court issued an Order (Doc. 52) granting in part and denying in part the Motion. In response, Defendant filed the instant Motion for Reconsideration (Doc. 53). The Court ordered the Government to respond, which it timely did so. (*See* Docs. 54 & 55). As such, the Motion is ripe for resolution.

**II.  LAW AND ANALYSIS**

Under the Local Rules of this Court, motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. L.R. 7.6. Motions for reconsideration, whether considering final or non-final judgments, are within "the sound discretion of the district

judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993). It is the practice of this Court, in both civil and criminal cases, to grant a motion for reconsideration only when the movant timely demonstrates that: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997). "A motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996). Nor can a motion for reconsideration be used to "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012).

Here, Defendant moves the Court to reconsider its finding that his statements captured on the body worn camera video between time stamps 21:15 to 31:18 are admissible. Defendant argues that the Court erred by not conducting an analysis under *Michigan v. Mosley*, 423 U.S. 96 (1975) to determine whether his first invocation of his right to remain silent was "scrupulously honored." (Doc. 53 at 2). Defendant does not point to any intervening change in the law or new and previously unavailable evidence, nor does he argue that a clear error of law exists or that reconsideration is necessary to prevent manifest injustice. Rather, Defendant merely disagrees with the Court's analysis and conclusion, contending that it ruled in error. To warrant reconsideration, however, an error must be "clear and obvious," which is not the case "if the legal issues are 'at least arguable.'" *United States v. Battle*, 272 F.Supp.2d 1354, 1358 (N.D. Ga. 2003) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). As such, the Court finds no clear error of law in the partial denial of Defendant's Motion to Suppress.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration (Doc. 53) is **DENIED**.

**SO ORDERED**, this 29th day of October 2025.

                                                    /s/ W. Louis Sands
                                                  **W. LOUIS SANDS, SR. JUDGE**
                                                  **UNITED STATES DISTRICT COURT**